IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  10-20144-01 |
| ) | |
| PAUL HARTFIELD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

On November 4, 2010, Paul Hartfield and three others were indicted by a federal grand jury for conspiracy to commit bank fraud and money laundering.  On July 8, 2011, defendant pleaded guilty and signed a plea agreement, in which he waived his appellate rights regarding his conviction and sentence.  (Doc. 64.)

On October 24, 2012, defendant was sentenced to seventy-eight months' incarceration, five years' supervised release, and was ordered to pay restitution in the amount of $2,612,083.31.  A Judgment was filed that same day (Doc. 163), and an Amended Judgment was filed on November 6, 2012 (Doc. 167).  Defendant did not file a direct appeal.

On August 28, 2014, defendant filed a Motion for Modification of Sentence and Reduction of Probation and Restitution.  (Doc. 209.)  In his motion, defendant requested the court to re-compute his sentence, claiming that the court should have inquired into what loss (if any) investors would have suffered if defendant had "come clean" regarding the status of the securities and underlying properties at the time of the alleged statement.  (*Id.* at 2.)  Defendant claims that his attorney should have brought this issue to the court's attention.  (*Id.*)

The government filed a response (Doc. 214), arguing that neither 28 U.S.C. § 1331 nor 18 U.S.C. § 3664 confer jurisdiction in these circumstances, and even if the court construed defendant's

motion to modify his sentence under 28 U.S.C. § 2255, his motion was filed more than a year after his criminal conviction became final.  Notwithstanding those deficiencies, the court permitted defendant an opportunity to reply to the government's response.  (Doc. 217.)  In his reply, defendant stated: "The Defendant agrees with the government that his § 2255 motion should have been filed within one-year after the judgment became final.  Therefore, the Defendant respectfully requests that this Court construe Defendant's motion under Rule 60(b)(6)."  (Doc. 218 at 2.)

As such, the court reviewed defendant's motion and determined that federal prisoners seeking relief from their sentences have § 2255 as the exclusive remedy.  (Doc. 219 at 2 (citing *Baker v. Sheriff of Santa Fe Cnty.*, 477 F.2d 118, 119 (10th Cir. 1973) and *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)).)  Because defendant failed to file his motion within one year after his conviction became final, and because Rule 60(b) provides for relief from a final *civil* judgment, the court concluded that defendant's request to modify his sentence was untimely.  (*Id.*)

Since then, defendant has filed an Amended Motion for Reduction of Sentence, Probation, and Restitution (Doc. 220); Motion for Re-Hearing on Amended Motion for Reduction of Sentence, Probation, and Restitution (Doc. 222); Amended Motion for Re-Hearing on Amended Motion for Reduction of Sentence (229); and a Motion for Entry of Default Judgment (Doc. 232).  The government also filed a Motion to Enforce Collateral Attack Waiver and Stay of Response to Section 2255 Petition (Doc. 230).

Defendant now "retracts" his agreement that his § 2255 motion should have been filed within one-year of his conviction.  (Doc. 220 at 3; Doc. 222 at 3.)  In defendant's most recent filings, he argues that he has complied with the one-year statute of limitation because he filed his motion(s) within one year after reading *United States v. Evans*, 744 F.3d 1192 (10th Cir. 2014).  (*Id.*)  In *Evans*, the Tenth Circuit held that a district court must determine at sentencing whether the defendant's fraud

Case 2:10-cr-20144-CM   Document 233   Filed 10/20/15   Page 3 of 5

was a "but for" and legal cause of an investor's loss, and "[i]n considering the latter, the court must account for the effect and foreseeability of non-fraud factors." *Evans*, 744 F.3d at 1198 (holding that the district court had to account for the effect and foreseeability of non-fraud factors on the value of the securities involved in that case).

Defendant argues that his motions are timely under § 2255(f)(4), which permits the filing of a § 2255 motion within a year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). However, defendant points to no new "facts" discovered since his conviction. Instead, rather than discovering new facts, defendant points to facts that may, or may not, have been legally significant if *Davis* had been decided at the time defendant was sentenced. "Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts." *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). None of the "facts" alleged by defendant are recently discovered, rendering § 2255(f)(4) inapplicable.

Moreover, defendant cannot demonstrate that his counsel's performance was deficient based on a case that had not yet been decided at the time defendant was sentenced. *See United States v. Taylor*, 415 F. App'x 96, 99 (10th Cir. 2011) (stating that the Sixth Amendment's right to effective assistance of counsel does not require counsel to predict future changes in the law) (citing *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004)). The court concludes that defendant should have filed any motions seeking relief under § 2255 motions within one year from the date his conviction became final. Because defendant's motions were filed well after the one-year expiration period, defendant's motions are untimely. The court dismisses defendant's § 2255 motions, thereby rendering moot the

government's Motion to Enforce Collateral Attack Waiver and Stay of Response to Section 2255 Petition.

Finally, defendant also seeks an entry of default, claiming he is entitled to judgment on account of the government being out of time to file a response to defendant's amended motion. (Doc. 232.) Defendant is correct that the government has not yet responded to the merits of defendant's § 2255 motions. However, pursuant to Rule 5(a) of the Rules Governing § 2255 Proceedings, the government is not required to answer a § 2255 motion unless a judge so orders, and no such order has been made. Accordingly, the court finds that the government is not in default for failing to answer defendant's § 2255 motions and denies defendant's motion.[1]

**CERTIFICATE OF APPEALABILITY**

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Amended Motion for Reduction of Sentence, Probation, and Restitution (Doc. 220), Motion for Re-Hearing on Amended Motion for Reduction of Sentence, Probation, and Restitution (Doc. 222), and Amended Motion for Re-Hearing

---

[1] The court also points out that the government requested a stay of the proceedings pending a decision on its motion to enforce defendant's waiver contained in the plea agreement.

on Amended Motion for Reduction of Sentence (Doc. 229) are denied as untimely.  Defendant's Motion for Entry of Default Judgment (Doc. 232) is denied on the merits, and the government's Motion to Enforce Collateral Attack Waiver and Stay of Response to Section 2255 Petition (Doc. 230) is denied as moot.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2015, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**
