IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PAUL L. HARTFIELD,<br><br>　　　　Defendant. | Case No. 10-20144-01 |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Paul L. Hartfield's Motion for Rehearing for Relief on Account of Ineffective Asistance [sic] of Counsel or Aternatively [sic] for an Order Allowing an Appeal if the Motion is Denied (Doc. 234) and Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. 3582(c) (Doc. 238).  Defendant is currently serving a 78-month prison sentence after he pled guilty to one count of Conspiracy to Commit Bank Fraud and Money Laundering in 2012.  As part of his plea agreement, defendant waived his right to appeal his conviction and sentence.

Defendant has filed numerous unsuccessful motions requesting modification of his sentence. Here, defendant first argues he received ineffective assistance of counsel during plea negotiations and asks for a hearing or an order allowing him to file an appeal.  Although defendant waived his appeal rights, defendant argues he is entitled to bring the present challenge under *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001).  In *Cockerham*, the Tenth Circuit recognized that while a waiver of appeal rights in a plea agreement is generally enforceable, the waiver itself may be challenged if the defendant establishes it was made involuntarily or unknowingly, or if the agreement is otherwise unlawful. 237 F.3d at 1181–82. Regardless of whether defendant has a meritorious argument regarding the validity of his appeal waiver, defendant is time-barred from bringing any collateral attack.  Post-

conviction motions for habeas relief filed under 28 U.S.C. § 2255 "must be brought within one year of the date on which 'the judgment of conviction becomes final' or 'the right asserted [by petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018). Defendant was sentenced in 2012 and the time to file any collateral motions has long passed.

Further, this court has interpreted at least one of defendant's prior motions as one brought under § 2255. "A prisoner may not file a second or successive motion under § 2255 unless it is 'certified ... by a panel of the appropriate court of appeals to contain ... newly discovered evidence ... or ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). The court therefore does not have jurisdiction to consider defendant's motion.

Defendant also brings a motion to modify his prison sentence under 18 U.S.C. § 3582(c). Under § 3582(c), a court may not modify a term of imprisonment except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)

Defendant alleges that his total offense level under the Sentencing Guidelines included an 18-point enhancement based on the loss table in U.S.S.G. § 2B1.1(b)(1)(J), and that the loss table has since been lowered. He claims that based on the current loss table, his offense level should only be enhanced by 16 points.

The court has reviewed defendant's presentence investigation report and determined that defendant's base offense level was increased by 18 points based on a $4,171,836.25 loss calculation. At the time defendant was sentenced, the 18-point enhancement applied to loss of more than $2,500,000. Under the current Sentencing Guidelines, an 18-point enhancement is added to the base offense level for loss of more than $3,500,000 but less than $9,500,000. Because the total loss in defendant's case is more than $3,500,000, the 18-point enhancement still applies. There is therefore no reason for the court to modify defendant's sentence and his motion is denied.

Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order. A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether the motion "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant's Motion for Rehearing for Relief on Account of Ineffective Asistance [sic] of Counsel or Aternatively [sic] for an Order Allowing an Appeal if the Motion is Denied (Doc. 234) is dismissed.

**IT IS FURTHER ORDERED** that defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. 3582(c) (Doc. 238) is denied.

Dated April 13, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**